**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| | * |
| CARLOS REYES ET AL., | |
| | * |
| Plaintiffs, | |
| | * |
| v. | |
| | * Civil No. 24-2700-BAH |
| THE MEXICAN RESTAURANT, INC., | |
| ET AL., | * |
| | |
| Defendants. | * |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

## <u>MEMORANDUM OPINION</u>

Plaintiffs Carlos Reyes ("Reyes"), Audrey Keysor ("Keysor"), Cyle Quick ("Quick"), and Liv Wysocki ("Wysocki") (collectively, "Plaintiffs") on behalf of themselves and all others similarly situated, brought this collective and class action suit against The Mexican Restaurant, Inc. ("TMR"), Sun Holdings, Inc. ("Sun"), and Next Restaurants, LLC ("Next") (collectively, "Defendants"), alleging violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and various state laws. ECF 25 (third amended complaint).[1] Pending before the Court is Next and Sun's partial motion to dismiss or, in the alternative, to transfer venue (the "Motion"). ECF 28. Plaintiffs filed an opposition, ECF 38, and Next and Sun filed a reply, ECF 43. All filings include memoranda of law.[2] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Accordingly, for the reasons stated below,

---

[1] The original complaint is docketed at ECF 1; the first amended complaint at ECF 20; the second amended complaint at ECF 24; and the third amended complaint at ECF 25.

[2] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

Next and Sun's Motion, construed as a motion to dismiss, is **GRANTED**, and they will be dismissed as defendants in this action.

## I. BACKGROUND

### A. Factual Background

This case involves the alleged non-payment of wages to employees at Uncle Julio's Mexican restaurants across the country. Named Plaintiffs were each employed as servers and/or bartenders at various times between 2021 and 2024 at Uncle Julio's restaurant locations in Maryland (Reyes) and Missouri (Keysor, Quick, and Wysocki). ECF 25, at 3 ¶¶ 12–15. Plaintiffs allege that they "were paid an hourly wage of $3.63 or, in some cases, other rates below minimum wage to take credit against tips received." *Id.* at 10 ¶ 42. Plaintiffs were also required "to engage in non-tip-producing activities, such as rolling silverware, cleaning tables, and a variety of other side work for more than 20% of [their] time." *Id.* at 11 ¶ 43. According to Plaintiffs, the requirement to "spend more than 20 percent of their time engaged in non-tip-producing activities" "violate[s] the rules of using the tip credit." *Id.* ¶ 48. Plaintiffs also allege that they often "work[ed] more than forty (40) hours per week," *id.* at 14 ¶ 57, and Uncle Julio's "had a policy of not paying for all overtime hours worked," *id.* at 11 ¶ 48.

Plaintiffs allege that up "until approximately the end of 2024," TMR owned and operated Uncle Julio's restaurants around the country. *Id.* at 3–4 ¶ 16. In January of 2025, Sun, the "corporate parent and controlling owner of Next, . . . acquired the Uncle Julio's brand, including its assets and operations through a foreclosure auction." *Id.* at 4 ¶ 17.

Plaintiffs bring the following claims against Defendants: an opt-in collective action claim under the FLSA, 29 U.S.C. § 216(b) (Count I); a class action count under several states' wage

laws[3] (Counts II–XIV), and a nationwide class action claim for quantum meruit/unjust enrichment (Count XV).

### B.   Procedural Background

Reyes filed his original complaint in this Court on September 18, 2024, against TMR only. ECF 1.  The Court granted stipulated extensions of time for TMR to respond to the complaint.  *See* ECF 17; ECF 19.  Before TMR responded, on June 30, 2025, Reyes filed an amended complaint against TMR, Sun, Next, and Guillermo Perales, Chief Executive Officer of Sun.  ECF 20.

On May 14, 2024, Keysor, Quick, and Wysocki filed an action against TMR in the U.S. District Court for the Eastern District of Missouri.  *See Keysor et al. v. Uncle Julio's Corporation et al.*, No. 4:24-cv-00670-SEP (E.D. Mo. May 14, 2024).  On March 27, 2025, that case was transferred to this Court.  *See* ECF 46, in *Keysor et al. v. Uncle Julio's Corporation et al.*, Civ. No. 25-1008-BAH (D. Md. Mar. 27, 2025).  On August 22, 2025, the *Keysor* and *Reyes* cases were consolidated, ECF 23, and Plaintiffs filed a second amended complaint on September 4, 2025, ECF 24.  Plaintiffs then filed a third amended complaint ("TAC") on September 15, 2025.  ECF 25.  The TAC is the operative complaint, and is brought against TMR, Sun, and Next.[4]  *Id.* at 1.

Next and Sun filed their motion to dismiss on October 13, 2025.  ECF 28.  That Motion is ripe for disposition.  After receiving multiple extensions of time to respond, *see* ECFs 37, 40, 47, 49, 51, 55, 57, 59, 61, 63, 65, TMR filed an answer to the TAC on July 15, 2026, ECF 72.

---

[3] The states include Colorado, Florida, Illinois, Maryland, Missouri, New Jersey, North Carolina, Oklahoma, Tennessee, Texas, Virginia, and Wisconsin.  ECF 25, at 15–16 ¶ 69.

[4] The docket still names Guillermo Perales as a defendant.  The Court will direct the Clerk to terminate Perales in this action as he is not named as a defendant in the operative complaint.  *See* ECF 25, at 1.

## II.    LEGAL STANDARD

"[A] Rule 12(b)(2) challenge" to personal jurisdiction "raises an issue for the court to resolve, generally as a preliminary matter." *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016) (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). "Under Rule 12(b)(2), a defendant must affirmatively raise a personal jurisdiction challenge, but the plaintiff bears the burden of demonstrating personal jurisdiction at every stage following such a challenge." *Id.* "[A] court has broad discretion to determine the procedure that it will follow in resolving a Rule 12(b)(2) motion." *Id.* at 268. "[N]either discovery nor an evidentiary hearing is required in order for the court to resolve a motion under Rule 12(b)(2)." *Jones v. Mut. of Omaha Ins. Co.*, 639 F. Supp. 3d 537, 544 (D. Md. 2022). "When 'the existence of jurisdiction turns on disputed factual questions. the court may resolve the [jurisdictional] challenge on the basis of a separate evidentiary hearing, or [it] may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question.'" *Id.* (quoting *Combs*, 886 F.2d at 676).

"When personal jurisdiction is addressed under Rule 12(b)(2) without an evidentiary hearing, the party asserting jurisdiction has the burden of establishing a prima facie case of jurisdiction." *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 226 (4th Cir. 2019). "This 'prima facie case' analysis resembles the plausibility inquiry governing motions to dismiss for failure to state a claim under Rule 12(b)(6)." *Id.* "The court must determine whether the facts proffered by the party asserting jurisdiction—assuming they are true—make out a case of personal jurisdiction over the party challenging jurisdiction." *Aerotek Inc. v. Babcock & Wilcox Solar Energy, Inc.*, Civ. No. JRR-24-177, 2024 WL 4792116, at *2 (D. Md. Nov. 14, 2014) (citing *Sneha Media & Ent., LLC v. Associated Broad. Co. P·Ltd.*, 911 F.3d 192, 196–97 (4th Cir. 2018)). In resolving a motion brought under Rule 12(b)(2), "a court may look beyond the complaint to affidavits and exhibits in order to assure itself of personal jurisdiction." *UMG Recordings, Inc. v.*

4

*Kurbanov*, 963 F.3d 344, 350 (4th Cir. 2020) (citing *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016)).

## III.    ANALYSIS

Next and Sun move to dismiss the claims against them for lack of personal jurisdiction. ECF 28-2, at 2.  They also argue that the Court should apply the Supreme Court's holding in *Bristol-Myers Squibb Co.*[5] and find it lacks personal jurisdiction over any non-Maryland plaintiffs' FLSA claims.  *Id.* at 10 (citing *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255 (2017)).

"Absent consent, the exercise of personal jurisdiction must comport with the requirements of the Due Process Clause: valid service of process, as well as . . . minimum contacts with the forum so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 131 (4th Cir. 2020) (internal quotation marks omitted) (quoting *Hawkins*, 935 F.3d at 228). "The nature and quantity of forum-state contacts required depends on whether the case involves the exercise of 'specific' or 'general' jurisdiction." *Id.* The Court addresses both in turn, beginning with general jurisdiction.

---

[5] In *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, "the Supreme Court considered whether more than 600 plaintiffs established specific jurisdiction over defendant Bristol-Myers Squibb in California state court alleging a variety of state-law claims arising out of injuries allegedly caused by a drug made by the defendant." *Walton v. W.L. Gore & Assocs.*, Civ. No. BAH-25-1948, 2026 WL 809295, at *7 (D. Md. Mar. 23, 2026) (citing *Bristol-Myers Squibb Co.*, 582 U.S. at 258). "The California Supreme Court had held that the California courts could exercise specific jurisdiction over Bristol-Myers Squibb with respect to the nonresident plaintiffs' claims, but the United States Supreme Court reversed." *Id.* (citing the same). "In so holding, the Court reasoned that '[t]he mere fact that *other* plaintiffs' had been able to establish personal jurisdiction because they were prescribed, obtained, or had ingested the drug at issue in California did not allow the State to assert specific jurisdiction over the nonresidents' claims.'" *Id.* (emphasis in *Gore*) (quoting *Bristol-Myers Squibb Co.*, 582 U.S. at 265)).

5

## A.    General Jurisdiction and Successor Liability

"General jurisdiction permits the court to hear any and all claims against the defendant, regardless of where the claims arose or the plaintiff's citizenship." *Id.* It "may be exercised when the defendant has contacts with the forum jurisdiction that are 'so constant and pervasive as to render it essentially at home in the forum State.'" *Id.* at 131–32 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014)). "With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Daimler AG*, 571 U.S. at 137.   General jurisdiction is found under "a more demanding standard than is necessary for establishing specific jurisdiction." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 & n.9 (1984)); *see also Stover v. O'Connell Assocs., Inc.*, Civ. No. HAR-93-1936, 1994 WL 146794, at *3 (D. Md. Jan. 26, 1994) ("Contacts which are insufficient to establish general jurisdiction over an out-of-state defendant may be sufficient to establish specific jurisdiction over him." (citation omitted)), *aff'd*, 84 F.3d 132 (4th Cir. 1996).

This Court has general jurisdiction over TMR because it is incorporated in Maryland. ECF 28-2, at 6.   It is undisputed that the Court lacks general jurisdiction over Next and Sun in the ordinary sense—i.e., neither entity is incorporated or has its principal place of business in Maryland. ECF 28-2, at 6.   Nevertheless, Plaintiffs argue that successor liability imputes the Court's general personal jurisdiction over TMR to Next and Sun. ECF 38-1, at 3.   Next and Sun counter that a successor liability theory does not "permit[] a court to impute the personal jurisdiction it has over one defendant to the other defendant." ECF 28-2, at 7.

Contrary Next and Sun's assertion, however, the Fourth Circuit recognizes a "'successor corporation liability theory' of personal jurisdiction." *Yao v. Chen*, Civ. No. TDC-23-0889, 2024 WL 1051740, at *4 (D. Md. Mar. 11, 2024) (quoting *In re Celotex Corp.*, 124 F.3d 619, 628 (4th

6

.Cir. 1997)). Under this theory, "a non-resident defendant corporation not otherwise subject to personal jurisdiction in the forum state becomes so by virtue of its succeeding to a corporation that was subject to personal jurisdiction in the forum state." *Id.* (quoting the same). "Where a plaintiff's claims rest 'entirely on the actions of companies for which [plaintiff] claims [defendants] are liable as successors . . . [j]urisdictional issues are inextricably intertwined . . . with the adequacy of the factual allegations of successor liability; in other words, . . . if the Complaint fails to state a plausible claim for successor liability, then [the court] also lacks personal jurisdiction.'" *Doe 1 v. World Wrestling Ent., LLC*, 811 F. Supp. 3d 706, 733 (D. Md. 2025) (alterations in *Doe 1*) (quoting *68th Street Site Work Group v. Airgas, Inc.*, Civ. No. SAG-20-3385, 2021 WL 4255030, at *7–8 (D. Md. Sept. 16, 2021)). "In evaluating whether this theory of personal jurisdiction applies, the court 'must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.'" *Yao*, 2024 WL 1051740, at *4 (quoting *In re Celotex Corp.*, 124 F.3d at 628).

"While the Fourth Circuit has not opined whether or not successor liability is available under the FLSA, the trend among the courts that have decided the question is to recognize successor liability in FLSA cases including various district courts, along with the Ninth and Seventh Circuits." *Gaske v. Crabcake Factory Seafood House, LLC*, Civ. No. JMC-18-02630, 2023 WL 3304889, at *2 (D. Md. May 8, 2023) (quoting *Carrillo v. Borges Constr., LLC*, Civ. No. GJH-13-641, 2016 WL 5716186, at *5 (D. Md. Sept. 30, 2016)). "While there is not a consensus as to how the Court should determine successor liability, both the Seventh and Ninth Circuits have noted that the Court should inquire into whether or not there was a continuity of business." *Id.* (quoting the same); *see also Carrillo*, 2016 WL 5716186, at *5 ("[W]ithout

articulating a formal rule, the Court finds that allegations that a corporation was 'merely a continuation or reincarnation of the transferor corporations' support a finding of successor liability." (internal citation omitted)).

"A corporation that acquires assets of another corporation typically does not acquire its liabilities, unless (1) the successor expressly or impliedly agrees to assume the liabilities of the predecessor; (2) the transaction may be considered a *de facto* merger; (3) the successor may be considered a mere continuation of the predecessor; or (4) the transaction is fraudulent." *Doe 1*, 811 F. Supp. 3d at 733 (citation modified) (quoting *PCS Nitrogen Inc. v. Ashley II of Charleston LLC*, 714 F.3d 161, 173 (4th Cir. 2013)). "Cases considering successor liability claims under a motion to dismiss standard have generally required (1) the plaintiff to identify which of the four exceptions it is invoking for successor liability and (2) facts supporting the invocation of the chosen exception." *AMA Sys., LLC v. 3B Tech, Inc.*, Civ. No. JRR-21-1472, 2023 WL 7410854, at *5 (D. Md. Nov. 9, 2023) (quoting *68th St. Site Work Grp.*, 2021 WL 4255030, at *9). Although Plaintiffs do not specifically say so, it appears that they intend to invoke the first and third exceptions. *See* ECF 38-1, at 5 (arguing that "Next and Sun purchased all of the assets and liabilities of TMR in an asset sale that was announced in or around January of 2025"); *see also* ECF 25, at 4 ¶ 18 (alleging Next "is liable as a successor entity having continued the business in substantially the same form"). However, the Court concludes that Plaintiffs fail to allege sufficient facts to support a theory of successor liability under either exception.

Plaintiffs allege that both Next and Sun acquired the operations and assets of the Uncle Julio's brand and, therefore, "succeeded to the interests and liabilities of the business." ECF 25, at 4 ¶¶ 17–18. "Use of the conclusory word 'acquired' is no more fact-specific than use of the conclusory word 'successor.'" *68th St. Site Work Grp.*, 2021 WL 4255030, at *11. "A transaction

described as an 'acquisition' can fall anywhere along a broad spectrum of contractual arrangements, from a run-of-the-mill asset purchase between entirely separate companies to a full merger." *Id.* "Thus, use of that word does not automatically place a transaction within one of the four exceptions to the general rule of non-successor liability, and does not, absent a more specific factual assertion, provide basis for an inference that one company is a successor to another." *Id.* As noted, Plaintiffs allege only that Next and Sun acquired the "assets and operations" of the "Uncle Julio's brand" at a foreclosure auction in January of 2025. ECF 25, at 4 ¶¶ 17–18. These allegations are simply too "imprecise and conclusory" to sufficiently invoke the first exception of successor liability. *See 68th St. Site Work Grp.*, 2021 WL 4255030, at *13 (finding allegations that an entity "is owned by and/or was acquired by and/or is one and the same as" the successor was "imprecise and conclusory" and ultimately "insufficient to plead" successor liability); *see also AMA Sys., LLC*, 2023 WL 7410854, at *6 (finding the mere allegation that the predecessor was acquired by the successor insufficient to satisfy the first exception). Without more, the Court cannot draw a reasonable inference that Next and Sun expressly or impliedly agreed to take on TMR's liabilities through the acquisition. *Cf. Doe 1*, 811 F. Supp. 3d at 733 (finding personal jurisdiction resulting from successor liability where the plaintiff alleged "more than just [an] 'acquisition,'" including that the successor company "resulted from a merger specifically—the liability-imposing end of the spectrum that the *68th Street* Court described").

Plaintiffs' allegations are also insufficient to satisfy the third exception of successor liability, as a "continuity of workforce, management, location, and operations," ECF 25, at 4 ¶ 18, do not satisfy the mere continuation exception. Under this exception, "a successor's liability depends not on the *similarity* of the continuing business enterprise but rather on the *singularity* of the two corporate entities at issue." *Odjaghian v. EngagePoint, Inc.*, Civ. No. JKB-18-0151, 2018

9

WL 3329617, at *5 (D. Md. July 6, 2018) (emphases in original), *aff'd sub nom. Odjaghian v. HHS Tech. Grp., LLC*, 848 F. App'x 534 (4th Cir. 2021). "Indicia that give rise to the mere continuation exception include, among others, common officers, directors, and stockholders; and only one corporation in existence after the completion of the sale of assets." *Progressive Septic, Inc. v. SeptiTech, LLC*, Civ. No. ELH-09-03446, 2011 WL 939022, at *13 (D. Md. Mar. 15, 2011) (citation modified). Here, Plaintiffs essentially allege a continuity of the Uncle Julio's Mexican restaurant enterprise. *See* ECF 25, at 4. But "the gravamen of the 'mere continuation' theory is whether the corporate entity continues, not whether the *enterprise* or the business itself continues." *Progressive Septic, Inc.*, 2011 WL 939022, at *13 (emphasis in original). Plaintiffs do not allege, for example, that "the majority owner remains the same," or that there was any transfer of instrumental employees. *See Yao*, 2024 WL 1051740, at *5; *see also Hartford Mut. Ins. Co. v. Hoverzon, LLC*, Civ. No. SAG-20-2713, 2021 WL 1390317, at *5 (D. Md. Apr. 13, 2021) (finding "highly significant" in a mere continuation analysis that the predecessor and successor entity were both controlled by the same individual owner). Plaintiffs' allegation that there was a "continuity of workforce, management, location, and operations," ECF 25, at 4, "is insufficient to suggest that the third exception applies." *AMA Sys., LLC*, 2023 WL 7410854, at *6. Accordingly, Plaintiffs have failed to establish personal jurisdiction over Next and Sun under a theory of successor liability.

### B.    Specific Jurisdiction

Plaintiffs do not assert that their claims arise out of any of Next or Sun's contacts with Maryland so as to confer specific personal jurisdiction over them. *See* ECF 38-1, at 3–6; *see also id.* at 9 ("[T]he Court need not decide the issue of specific jurisdiction because it [is] sufficient that this Court has general jurisdiction over Defendants on the basis of successor liability."). Next and Sun argue, however, that pursuant to *Bristol-Myers Squibb Co.*, "the non-Maryland Plaintiffs are

not permitted to 'piggyback' on the specific personal jurisdiction provided by Plaintiff Carlos Reyes' claims." ECF 28-2, at 13. Before wading into this argument, the Court finds it necessary to examine whether it has specific personal jurisdiction over Next or Sun to "piggyback" on in the first place.

If a "defendant does not have sufficient contacts to be at home in the forum, the court may exercise specific jurisdiction if the defendant has continuous and systematic contacts with the forum state and the claims at issue arise from those contacts with the forum state." *Fidrych*, 952 F.3d at 132 (citing *Daimler AG*, 571 U.S. at 126–27). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co.*, 582 U.S. at 264. "The Fourth Circuit has formulated a three-part test for use in determining whether there is specific jurisdiction over a defendant. The three prongs are: '(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable.'" *Jones v. Mutal of Omaha Ins. Co.*, 639 F. Supp. 3d 537, 549 (D. Md. 2022) (quoting *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009)). The first prong requires that "personal jurisdiction must be based on an individual's personal contacts with or purposeful availment of the forum state." *Harte–Hanks Direct Mktg./Balt., Inc. v. Varilease Tech. Fin. Group, Inc.*, 299 F. Supp. 2d 505, 513 (D. Md. 2004).

Plaintiffs fail to establish that Reyes' "injuries arose out of or relate to [Next and Sun's] in-state activities," because they do not "allege relevant in-state activities that predate that injury." *Small Bus. Fin. Sols., LLC v. Corp. Client Servs., LLC*, Civ. No. GLS-21-811, 2023 WL 1995414, at *7 (D. Md. Feb. 13, 2023). Rather, Plaintiffs allege that Next and Sun's contacts with Maryland

11

began in January of 2025, when Next and Sun acquired the Uncle Julio's brand and after the alleged non-payment of wages. ECF 25, at 4 ¶¶ 17–18. With respect to personal jurisdiction, "a defendant's 'contacts' with a forum state are measured as of the time the claim arose." *Hardnett v. Duquesne Univ.*, 897 F. Supp. 920, 923 (D. Md. 1995). Here, the named Plaintiffs' wage-related injuries occurred when they were employed at the restaurants between 2021 and 2024, ECF 25, at 3 ¶¶ 12–15, prior to Next and Sun's alleged contacts with Maryland in 2025, *id.* at 4 ¶¶ 17–18. Given that Plaintiffs allege no other in-state contacts by Next or Sun that predate Plaintiffs' injury, the Court does not have specific personal jurisdiction over them with respect to the claims asserted by *any* plaintiff, even Reyes. The Court, therefore, need not determine whether *Bristol-Myers Squibb Co.* has any application to this case since it lacks both general and specific jurisdiction over Next and Sun.

## IV.   CONCLUSION

For the foregoing reasons, Next and Sun's Motion, construed as a motion to dismiss, is GRANTED, and they are DISMISSED as defendants in this action.

A separate implementing order will issue.

Dated: <u>July 31, 2026</u>

/s/

Brendan A. Hurson
United States District Judge

12